CV 03-268 #1

```
____FILED    ____ENTERED
____LODGED   ____RECEIVED

    FEB 0 6 2003    KN
         AT SEATTLE
    CLERK U S DISTRICT COURT
  WESTERN DISTRICT OF WASHINGTON
BY ____                  DEPUTY
```

603301 Sliss in blank

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| Robin Miller, Plaintiff<br>v<br>The Boeing Company, a Washington corporation, Defendant,<br>and Society of Professional Engineering Employees in Aerospace, IFPT Local 2001, Defendant | No. C03-268R<br><br>PLAINTIFF'S COMPLAINT: VIOLATION OF COLLECTIVE BARGAINING RIGHTS |

PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff alleges:

## I. PARTIES AND JURISDICTION

1. Plaintiff Robin Miller ("Miller") is a resident of King County, Washington who was employed at all material times within the geographical boundaries of the Western District at Seattle by defendant The Boeing Company ("Boeing") Plaintiff member was at all times a member of defendant Society of Professional Engineering Employees in Aerospace ("SPEEA").

2. Defendant Boeing employed plaintiff at all times material and operated aerospace manufacturing and design facilities within the geographical boundaries of the western district

3. Defendant SPEEA is a labor organization which bargained with Boeing and brought

*Miller's Complaint-1*    **ORIGINAL**

MICHAEL A JACOBSON
200 MAYNARD BUILDING
110 FIRST AVENUE SOUTH ● SEATTLE, WA 98104
PHONE (206) 447-1560 ● FAX (206) 447-1523

grievance proceedings to arbitration against Boeing on behalf of plaintiff and other members for their mutual aid, protection, and benefit.

4  The subject matter of this litigation concerns federal questions encompassed by sections 158, 301 and 185 of the National Labor Relations Act, 28 USC 1331 et. seq

5. The parties and subject of this litigation are within the jurisdiction of this court, venue is appropriate, plaintiff has exhausted all administrative remedies

## II. FACTUAL ALLEGATIONS

6. Plaintiff Miller was a member of the bargaining unit represented by SPEEA and entitled to the terms and condition of employment described in the CBA for senior engineers.

7. Those bargained-for terms and conditions included.

> 3 2(b) Employees shall not be discharged or suspended without just cause  An employee shall have the right to appeal a ...discharge...by filing a written grievance...
> 3 2(a) Grievances on behalf of employees shall be handled
> ... STEP 4.  If no settlement is reached.   either party may in writing...request that the matter be submitted to an arbiter....
> 3.6c  The arbiter shall be authorized to rule and issue a decision in writing on the issue presented for arbitration, which decision shall be final and binding on both parties.
> 3 6d The arbiter shall rule only on the basis of information presented at the hearing
>
> Such terms are set forth in attachment A to this complaint.

8.   Boeing terminated plaintiff Miller's employment  in September 2000

9   A grievance, for the benefit of 3d party plaintiff Miller was referred to arbitration , styled

> IN THE MATTER OF ARBITRATION BETWEEN SOCIETY OF PROFESSIONAL ENGINEERS IN AEROSPACE IFPT LOCAL 2001 (ROBIN MILLER) v THE BOEING CO

*Miller's Complaint*-2

MICHAEL A. JACOBSON
200 MAYNARD BUILDING
110 FIRST AVENUE SOUTH • SEATTLE, WA 98104
PHONE (206) 447-1560 • FAX (206) 447-1523

A true copy of material excerpts from the arbitration and award is attached as exhibit B.

10. The issues presented to arbitration were (i) discharge for cause and (ii) if not what is the appropriate remedy

11. An award was executed by the designated arbiter on 29 August 2002 which said in pertinent part

> 1. The company did not have just cause to terminate the employment of grievant Robin Miller
> 2  The company is hereby ordered to offer reinstatement to the grievant .

12. After the August 2002 award, a SPEEA representative began negotiating with Boeing for Miller's layoff effective January 2002, instead of reinstatement.

13. Evidence of Miller's layoff effective January 2002 had never been put to the arbitrator at the hearing.

14. Miller notified SPEEA in December 2002 and February 2003, that the concept of reinstatement cannot possibly stretch to encompass layoff

15  So notified, SPEEA refused to further execute the arbiter's reinstatement order and took steps to instead subvert its meaning

### III. LEGAL THEORIES

FIRST COUNT: DUTY OF FAIR REPRESENTATION

16. Plaintiff Miller realleges paragraphs 1-15

17  Boeing's discharge of plaintiff Miller violated section 3.2b and were conclusively adjudicated to have violated section 3.2b.

18. Boeing was finally and conclusively adjudicated to be required to furnish plaintiff

*Miller's Complaint-3*

MICHAEL A. JACOBSON
200 MAYNARD BUILDING
110 FIRST AVENUE SOUTH ● SEATTLE, WA 98104
PHONE (206) 447-1560 ● FAX (206) 447-1523

1  Miller with reinstatement

2  19.  SPEEA's arbitrary conduct breached the duty of fair representation

3  20.  As a result, plaintiff Miller has lost wages and benefits, lost his continuing career as

4  a senior engineer, incurred consequential out of pocket expenses in amounts to be

5  proven at trial

## IV. PRAYER FOR RELIEF

21.  Wherefore plaintiff prays for relief as follows:

a  The damages pled in the complaint;

b  Enforcement of the binding arbitration award

c.  Reinstatement, with restoration of status and all employment benefits plaintiff would have earned were it not for unfair labor practices

d.  For prejudgment interest on liquidated amounts of loss,

e  For reasonable counsel fees pursuant to the National Labor Relations Act, equity, statute, court rule, or common law;

f.  For such further relief as the court deems to be just.

DATED. 2/6/03

BY: _____
Michael A. Jacobson
Attorney for plaintiff Miller, WSB#13135
119 First Avenue South, Suite 200
Seattle, WA 98104
Tel  206 447 1560

*Miller's Complaint-4*